# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, 11 Dupont Cir., N.W. Washington, D.C. 20036 | ) ) ) ) ) | |
| Plaintiff, | ) ) | CV-05-01801 |
| vs. | ) ) | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY Washington, DC 20528 | ) ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S ANSWER

Defendant the United Department of Homeland Security ("DHS") hereby answers the Complaint of plaintiff Citizens for Responsibility and Ethics in Washington ("CREW").

## First Affirmative Defense

Defendant objects to the Complaint to the extent that answering it imposes obligations upon defendant which exceed those imposed by the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## Defendant's Responses to the Numbered Paragraphs

Answering the numbered paragraphs of plaintiff's Complaint, defendant responds as follows:

## INTRODUCTION

1.      This paragraph contains plaintiff's characterization of the nature of plaintiff's action, to which no response is required.

2.      This paragraph contains plaintiff's characterization of the nature of plaintiff's action, to which no response is required.

## JURISDICTION AND VENUE

3.      This paragraph sets forth plaintiff's assertion of jurisdiction and venue and thus is a legal conclusion to which no response is required.

## PARTIES

4.      Defendant is without knowledge or information sufficient to confirm or deny the allegations in this paragraph.

5.      Defendant is without knowledge or information sufficient to confirm or deny the allegations in this paragraph.

6.      This paragraph contains legal conclusions to which no response is required; to the extent a response is required concerning plaintiff's harm, defendant denies the allegations in this paragraph.

7.      Admit the first sentence.  The second sentence contains legal conclusions to which no response is required.  To the extent a response is required to the second sentence, defendant admits that it possesses and controls records responsive to plaintiff's request and admits that it has an obligation to respond and produce documents to the extent required by law; otherwise, defendant denies.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

8-13.   These paragraphs contain legal conclusions and recitations of statutes to which no response is required.

FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

14.     The allegation in this paragraph constitutes a characterization of a news report to which no response is required.  Defendant respectfully refers the Court to Exhibit A attached to plaintiff's Complaint for the complete version of the referenced article.  To the extent a response is required, defendant is without knowledge or information sufficient to confirm or deny the allegations in this paragraph.

15.     Defendant is without knowledge or information sufficient to confirm or deny the allegations in the first sentence of the paragraph.  The second sentence constitutes a characterization of a Government Accountability Office ("GAO") finding to which no citation is given.  To the extent that finding is among the reports cited in the subsequent paragraphs, the Court is referred to those reports for a full and accurate account of their contents.  To the degree that the finding is not among the reports cited in the subsequent paragraphs, defendant is without knowledge or information sufficient to confirm or deny the allegations in the second sentence of the paragraph.

16-18.  These paragraphs contain characterizations of GAO reports to which the Court is referred for a full and accurate account of their contents.

19-23.  These paragraphs contain characterizations of news articles and a Congressional report to which the Court is referred for a full and complete account of their contents.

Plaintiff's FOIA Request and Follow-Up

24.     The allegations in this paragraph constitute a characterization of a January 11, 2005 letter from plaintiff to defendant, attached as Exhibit F to plaintiff's Complaint, to which no response is required.  To the extent a response is required, defendant respectfully refers the

Court to Exhibit F for a full and accurate statement of its contents.

25.     Defendant admits that, as of the date of the complaint, it had not sent a response other than an acknowledgment of the request and a fee waiver. However, Defendant avers that it sent Plaintiff a letter dated October 5, 2005 that referred Plaintiff to a previously assigned reference number and described the status of the search. *See* Letter from Catherine M. Papoi, Deputy Director, Departmental Disclosure & FOIA, DHS to Melanie Sloan, CREW, October 5, 2005 (attached as Exhibit 1).

26.     The allegations in this paragraph contain legal conclusions to which no response is required.

27.     The allegations in this paragraph contain legal conclusions to which no response is required.

PLAINTIFF'S CLAIMS FOR RELIEF

CLAIM ONE
(Failure to Produce Records)

28.     To the extent plaintiff realleges and incorporates all preceding paragraphs, defendant refers the Court to its responses to specific preceding paragraphs.

29.     This paragraph contains a legal conclusion to which no response is required.

30.     This paragraph contains legal conclusions to which no response is required.

31.     This paragraph contains legal conclusions to which no response is required, but to the extent an answer is deemed necessary, defendant denies all allegations in this paragraph.

CLAIM TWO
(Failure to Respond)

32.     To the extent plaintiff realleges and incorporates all preceding paragraphs,

-4-

defendant refers the Court to its responses to specific preceding paragraphs.

33.    Admit that DHS received a letter from plaintiff dated January 11, 2005, and deny all remaining allegations of this paragraph.

34.    This paragraph contains a legal conclusion to which no response is required.

35.    This paragraph contains legal conclusions to which no response is required, but to the extent an answer is deemed necessary, defendant denies all allegations in this paragraph.

The balance of the Complaint constitutes a prayer for relief to which no answer is required. Defendant denies that plaintiff is entitled to the relief requested, or to any relief whatsoever.

Defendant hereby denies all allegations not expressly admitted or denied.

THEREFORE, having fully answered, defendant asserts that plaintiff is not entitled to the relief requested, or to any relief whatsoever, and requests that this action be dismissed with prejudice and that defendant be given such other relief as the Court deems just and proper.


Dated: October 12, 2005                    Respectfully submitted,

                                           PETER D. KEISLER
                                           Assistant Attorney General

                                           KENNETH L. WAINSTEIN
                                           United States Attorney

                                           _/s/_____
                                           ELIZABETH J. SHAPIRO (D.C. Bar 418925)
                                           Assistant Branch Director
                                           U.S. Department of Justice
                                           Civil Division, Federal Programs Branch
                                           Mailing Address
                                           P.O. Box 883
                                           Washington, D.C., 20044

-5-

Delivery Address
20 Massachusetts Ave., NW., Room 7152
Washington, DC 20001
Telephone: (202) 514-5302
Fax: (202) 616-8470
Elizabeth.Shapiro@usdoj.gov

COUNSEL FOR DEFENDANT