UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY<br>AND ETHICS IN WASHINGTON,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES DEPARTMENT<br>OF HOMELAND SECURITY,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-1801 (ESH)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

      Defendant Department of Homeland Security ("Department") has moved for a ninety-day stay of these proceedings or, in the alternative, an extension of time in which to process plaintiff's Freedom of Information Act ("FOIA") request and file a dispositive motion. The Department claims that while it is exercising due diligence in its handling of plaintiff's request, exceptional circumstances have prevented it from complying with the statutory time limit.

      Under FOIA, "[i]f the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to [a] request, [a] court may retain jurisdiction and allow the agency additional time to complete its review of the records." 5 U.S.C. § 552(a)(6)(C)(i). Addressing this language in *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976), the D.C. Circuit concluded that

> " exceptional circumstances exist" when an agency . . . is deluged
> with a volume of requests for information vastly in excess of that
> anticipated by Congress, when the existing resources are
> inadequate to deal with the volume of such requests within the time

>limits of subsection (6)(A), and when the agency can show that it
>"is exercising due diligence" in processing the requests.

*Id.* at 616. The definition of "exceptional circumstances" was further refined with the Electronic Freedom of Information Act Amendments of 1996, which declared unexceptional "a delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." 5 U.S.C. § 552(a)(6)(C)(ii).

The Department has satisfied these standards in this case. First, the Department has exercised due diligence in the handling of plaintiff's January 11, 2005 document request. Plaintiff's request was complex, seeking records of "any contact . . . that any office of the Department of Homeland Security may have had with any external public affairs firms," along with "any contracts the Department . . . may have entered into with any public affairs firm," during the preceding four-year period. (*See* Kendrick Decl. Attach. 1.) The Department acknowledged receipt of the request in a January 24, 2005 letter to plaintiff in which it indicated that FOIA requests were processed by the agency in the order they were received. (Kendrick Decl. Attach. 2.) According to J. Anthony Kendrick, the Department's Direct of Departmental Disclosure and sole full-time FOIA processor at the time plaintiff's request was received, 108 FOIA requests were pending in January of 2005; 86 of these had been classified as "complex" by the Department. (Kendrick Decl. ¶ 5, 7.) The Department nonetheless initiated searches relating to plaintiff's request on January 11 and January 24, with subsequent inquiries made to a number of its components in March, July, September and October of 2005. (*Id.* ¶ 12.) These efforts, in

combination with the Department's work in reducing its backlog of requests, discussed below, demonstrate the Department's due diligence in its handling of plaintiff's FOIA request.

The Department has also shown that it is subject to exceptional circumstances justifying a stay in this case. Since its formation in 2003, the Department has been increasingly inundated by FOIA requests -- after inheriting a backlog of requests from its predecessor agencies, the Department received 283 paper requests in fiscal year 2003, 652 in 2004, and 848 in 2005. (Kendrick Decl. ¶ 8.) During the same period, the Department also received hundreds of electronically-submitted requests. (*Id.*) Despite this influx and a shortage of processing personnel, the Department has avoided a corresponding increase in its backlog of pending requests through the hiring of contract processors and other measures. (*Id.* ¶ 9.) "Exceptional circumstances" are therefore present in this case. *See* 5 U.S.C. §552(a)(6)(C); *Open America*, 547 F.2d at 616.

Because the Department has made a sufficient showing of due diligence and exceptional circumstances under Section 552(a)(6)(C) and *Open America*, 547 F.2d at 616, and because it has requested a modest stay of only ninety days, *see*, *e.g.*, *Narducci v. FBI*, Civ. Action No. 98-0130 (D.D.C. July 17, 1998) (order granting a stay of nearly three years); *Judicial Watch of Florida, Inc. v. United States Dep't of Justice*, 102 F.Supp 2d 6, 9 (D.D.C. 1999) (stay of nearly two years), defendant's motion for a stay of proceedings until February 14, 2006 is **GRANTED**.[1] After consulting with plaintiff, defendant is also ordered to file a joint motion proposing a briefing schedule on February 19, 2006.

---

[1] As a result of this Order, defendant's Motion for Extension of Time [#6] is denied as moot.

                                                                                                                                                                        s/
                                          ELLEN SEGAL HUVELLE
                                          United States District Judge

Date:  November 29, 2005